IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DALLIN HAWKINS,<br><br>                    Plaintiffs,<br><br>v.<br><br>RIVERTON CITY POLICE DEP'T et al.,<br><br>                    Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-CV-442-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Dallin Hawkins brought this *pro se* action alleging several counts of constitutional violations under § 1983 arising out of alleged interactions with officers of the Riverton City Police Department. ECF No. 15. He seeks damages and declaratory relief. *Id.* at 8. The court referred this matter to Magistrate Judge Cecilia M. Romero pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 6. On August 5 and August 15, 2019, Plaintiff filed Motions for Service of Process. ECF Nos. 7, 11. Before the court acted on those motions, Plaintiff then filed a Motion for Default Judgment on October 11, 2019, *see* ECF No. 16, and a Motion for Summary Judgment on November 7, 2019, *see* ECF Nos. 21, 22.

On February 19, 2020, Magistrate Judge Romero issued a Report and Recommendation, recommending that the court deny Plaintiff's Motion for Default Judgment and Motion for Summary Judgment because he failed to properly effectuate service of process and otherwise comply with the District's Local Civil Rules. ECF No. 31. The court also entered an order granting Plaintiff's Motions for Service of Process. ECF No. 32. Plaintiff then filed an objection to the Report and Recommendation on March 13, 2020. ECF No. 36. Plaintiff does not contest the recommendation to deny his Motion for Default Judgment, but asks the court to "stay[]" his Motion

for Summary Judgment "until the [D]efendants are served [and] have an opportunity to respond." *Id.* at 2. Plaintiff also states that he "would be happy to comply [with the local and federal rules] [and] resubmit" his Motion for Summary Judgment. *Id.* Because Plaintiff has properly objected to Judge Romero's Report and Recommendation, the court "must determine de novo" whether his objection has merit. FED R. CIV. P. 72(b)(3).

Although the court will "construe [Plaintiff's] pleadings liberally because he is a *pro se* litigant, he nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). This includes the federal rules concerning service of process. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) ("A *pro se* litigant is still obligated to follow the requirements of FED. R. CIV. P. 4"). Here, Plaintiff failed to effectuate service of process before he filed his Motion for Default Judgment and Motion for Summary Judgment. Therefore, Plaintiff failed to "follow the same rules of procedure that govern other litigants." *Green*, 969 F.2d at 917. The court has subsequently granted Plaintiff's Motions for Service of Process. *See* ECF No. 32. As Judge Romero recommended, "Plaintiff may file a renewed motion for default judgement or summary judgment that complies with the Local Rules after proper service has been effectuated and the time for defendant to answer or otherwise respond has expired." ECF No. 31 at 2.

## ORDER

For the foregoing reasons, the court hereby OVERRULES Plaintiff's objection, ECF No. 36, and ADOPTS IN FULL Magistrate Judge Romero's Report and Recommendation, ECF No. 31. Accordingly, Plaintiff's Motion for Default Judgment, ECF No. 16, and Motion for Summary Judgment, ECF No. 21, are denied without prejudice. Plaintiff may refile a motion for summary judgment as after Defendants are properly served and have an opportunity to answer or otherwise respond to Plaintiff's operative Amended Complaint, *see* ECF No. 15.

Signed September 21, 2020

BY THE COURT:

_____
Jill N. Parrish
United States District Court Judge