IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DALLIN HAWKINS,<br><br>                Plaintiff,<br>v.<br><br>SALT LAKE COUNTY, et al.,<br><br>                Defendants. | REPORT & RECOMMENDATION<br><br>Case No. 2:19-cv-00442-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 6). Before the court are pro se Plaintiff Dallin Hawkins' (Plaintiff or Mr. Hawkins)[1] Motion for Partial Dismissal (ECF 82), and Defendants Angie Oldham and Salt Lake County's (collectively, Salt Lake Defendants)[2] Motion to Dismiss (ECF 84). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons herein, the undersigned RECOMMENDS that the court GRANT IN PART Plaintiff's Motion, allow him to file a limited Third Amended Complaint, and DENY Defendants' Motion as MOOT.

## BACKGROUND

Because of this case's difficult history related to service of process, this court ordered service of process for Plaintiff on May 11, 2023 (ECF 68 at 1). As reflected by the docket, service of process was effectuated the next day and summons for six defendants were electronically issued (ECF 72–77). The defendants for which summons were electronically issued include the Salt Lake

---

[1] Mr. Hawkins has also been granted *in forma pauperis* status (*see* ECF 4).

[2] The court notes that Defendants Angie Oldham, Salt Lake County and Riverton Police Department are all represented by the same law firm and were issued summons. While the Motion to Dismiss indicates it is only filed on behalf of Salt Lake County and Angie Oldham, the corresponding docket entry indicates all three Defendants filed the Motion. It is therefore unclear if Riverton intended to join in the Motion to Dismiss.

1

Defendants, along with Von Thometz Knudson, David Michael Davidson, and Carla Camelo Knudson. By May 30, 2023, five defendants, excluding David Michael Davidson, had returned their summons, or had waived service and had their answer to the Second Amended Complaint (ECF 49) due between June 6, 2023, to July 31, 2023 (ECF 80, 81, and 83).

Plaintiff filed his Motion for Partial Dismissal soon after service on May 22, 2023 (ECF 82). Plaintiff's Motion, although procedurally deficient in many ways, is relatively straight forward. In it, Plaintiff seeks to dismiss all counts except Count 5 in the Second Amended Complaint (ECF 82 at 1). Plaintiff also asks that this court leave Mr. Hawkins as the sole Plaintiff, and that Defendants Von Thometz Knudson, David Michael Davidson, and Carla Camelo Knudson be voluntarily dismissed (*id.*). No response or opposition to this Motion was ever filed.

Salt Lake Defendants filed their Motion to Dismiss on June 5, 2023 (ECF 84). Salt Lake Defendants move for this court to dismiss with prejudice Plaintiff's Second Amended Complaint because Plaintiff does not have a right to have police report taken or to an investigation (*id.* at 9), Plaintiff does not have a due process property right in enforcement of a restraining order (*id.* at 10), Plaintiff fails to allege a cognizable claim for an unreasonable seizure (*id.* at 11), and because Plaintiff's Second Amended Complaint also fails under the *Heck* Doctrine, qualified immunity, and *Monell* and its progeny (*id.* at 12–15).

After several extensions of time (ECF 86, 90, 93, and 96), Plaintiff filed a Response (ECF 97) to the Motion. Plaintiff's Response argues that the claims in his Second Amended Complaint are "well founded and supported" by law and facts, the caselaw cited by Salt Lake Defendants regarding his right to a police statement and investigation, and unlawful seizure of property do not apply to this case, and that it is too premature in the case for the *Heck* Doctrine, qualified immunity, and *Monell* to apply (*id.* at 1–2). The Salt Lake Defendants did not file a reply.

Having evaluated the relevant briefings and filings, the court now turns to the arguments.

## LEGAL STANDARD

Under Rule 15(a), a party may amend its pleadings once as a matter of course at any time before a responsive pleading is served. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing Fed. R. Civ. P. 15(a)). Because Plaintiff has already amended his complaint once, another amendment can only be granted by leave of court or written consent of the adverse party. *Id.* Leave to amend "shall be freely given when justice so requires." *Id.* (quoting Fed. R. Civ. P. 15(a)). Amendment should generally only be denied "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

Because Plaintiff is acting *pro se* his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## ANALYSIS

Plaintiff brings his Motion for Partial Dismissal under Fed. R. Civ. P. 7(b) (ECF 82 at 1). Rule 7(b) outlines the way by which a party may generally seek relief, but it does not explicitly grant the court authority to grant Plaintiff the relief he asks for. Instead, Plaintiff should have moved under Rule 15. *See Carskadon v. Diva Int'l, Inc.*, No. 12-CV-01886-RM-KMT, 2013 WL 1876784, at *2 (D. Colo. May 3, 2013) (holding that a plaintiff must generally move under Rule 15 when seeking to dismiss some but not all claims in an action); *see also Frank*, 3 F.3d at 1365

3

(holding the same for a request to add or drop parties).[3] Although Plaintiff did not move under the correct rule, because of Plaintiff's pro se status, the court construes Plaintiff's Motion as a motion to amend his pleadings.

Plaintiff, having already once as a matter of course amended his complaint (ECF 15), can only now do so if justice so requires by leave of court or written consent of the adverse party. *See* Fed. R. Civ. P. 15(a).[4] Here, although Salt Lake Defendants did not give written consent, they did not oppose Plaintiff's Motion, and the time to do so has now passed. *See* DUCivR 7-1(a)(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion."). Salt Lake Defendants' failure to respond is grounds for granting the Motion. *See* DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice."). Without an opposition by Salt Lake Defendants, the undersigned cannot apprise any prejudice Salt Lake Defendants may face from granting Plaintiff's Motion. The undersigned will also not sua sponte analyze any possible delay or futility argument the Salt Lake Defendants could have raised. Accordingly, the undersigned hereby RECOMMENEDS that the court GRANT Plaintiff's Motion to Amend (ECF 82) and DENY Salt Lake Defendants' Motion as MOOT (ECF 84).

Salt Lake Defendants may argue that having to refile their Motion to Dismiss after the amended complaint is filed constitutes some prejudice, but at least one other district court in this circuit has found that such prejudice is not enough to deny amendment. *Carskadon*, 2013 WL 1876784, at *3 ("[T]he mere fact that a defendant's motion to dismiss may be rendered moot if leave to amend is granted ordinarily is not sufficient to establish undue prejudice."). In fact, an

---

[3] Under DUCivR 15-1 (a)(1), Plaintiff also should have attached as an exhibit "the proposed amended pleading" to the Motion.

[4] *See also U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015) (discussing what constitutes an amendment of pleadings as a matter of course under Fed. R. Civ. P. 15).

4

amendment to pleadings is even more welcomed in a situation like this when Plaintiff, by moving to withdraw several claims, "actually is reducing the scope of the litigation." *Id.* at *4. Accordingly, in order to ensure efficient subsequent proceedings, the undersigned RECOMMENDS that the court allow Plaintiff to file an amended complaint asserting Count V and only facts relevant to Count V so that any undue prejudice that could arise for Defendants from having to defend against new claims is prevented.

## **RECOMMENDATION**

The undersigned therefore RECOMMENDS that the court GRANT IN PART Plaintiff's Motion and DENY as MOOT Defendants' Motion to Dismiss. The undersigned further RECOMMENDS that Plaintiffs Truck Finance Services and Integrity Financial Group and Defendants Von Thometz Knudson, David Michael Davidson, and Carla Camelo be dismissed from this action. The undersigned lastly RECOMMENDS that the court GRANT Plaintiff an opportunity to amend his complaint bringing only Count V within fifteen (15) days of the date of this Report and Recommendation.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 21 December 2023.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah