IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DALLIN HAWKINS, ET AL.**, <br><br> Plaintiff, <br> v. <br><br> **SALT LAKE COUNTY, ET AL.**, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Case No. 2:19-CV-442-JNP-CMR <br><br> District Judge Jill N. Parrish |

Plaintiff Dallin Hawkins, who is *pro se*, brought this suit against the Defendants under 18 U.S.C. § 1983. On February 15, 2024, this court granted Mr. Hawkins leave to amend his complaint, ordering that he "shall file his Second Amended Complaint within 30 days of this Order, restating only Count V of his First Amended Complaint against the remaining Defendants." ECF No. 99. Mr. Hawkins failed to file his Second Amended Complaint within 30 days and has still not done so. On April 24, 2024, the court held a status conference in this case, during which Mr. Hawkins failed to appear. ECF No. 103. As a result, the court ordered Mr. Hawkins to show cause why his case should not be dismissed with prejudice for failure to prosecute and failure to comply with the court's orders to file his Second Amended Complaint and to appear at the court-scheduled status conference. ECF No. 102. The court ordered Mr. Hawkins to file a response to that order by May 8, 2024, and the court notified Mr. Hawkins that "[a] failure to respond by that date may result in the dismissal of this case with prejudice." *Id.* When Mr. Hawkins failed to respond to the court's order to show cause by the May 8th deadline, Defendants filed a motion to dismiss, urging the court to dismiss Mr. Hawkins' complaint with prejudice for reasons including his failure to comply with court orders. ECF No. 104. The motion to dismiss is granted.

**LEGAL STANDARD**

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The "background principles" of Rule 41(b) "firmly instruct" that "dismissal will be treated as adjudicating the merits of the action – and thus a dismissal *with* prejudice." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (citing Fed. R. Civ. P. 41(b); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001)) (emphasis in original). However, the Tenth Circuit has also identified five factors that the court must consider before sanctioning a plaintiff by dismissing a case with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)) (the "*Ehrenhaus* factors"). "[T]he court should carefully assess whether it might appropriately impose some sanction other than dismissal [with prejudice], so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Nasious*, 492 F.3d at 1163 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 n.3 (10th Cir. 1992)) (discussing the particular relevance of the fifth *Ehrenhaus* factor in cases involving *pro se* plaintiffs).

**DISCUSSION**

Defendants' motion to dismiss (ECF No. 104) is granted and Mr. Hawkins' complaint is dismissed with prejudice. As stated above, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel.*

*Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)). Mr. Hawkins has done exactly that. He failed to comply with this court's order of February 15, 2024, in which the court ordered Mr. Hawkins to file a Second Amended Complaint within 30 days. ECF No. 99. Thereafter, Mr. Hawkins failed to appear at a court-scheduled status conference on April 24, 2024. ECF No. 103. The court subsequently issued an order to show cause and notified Mr. Hawkins that he was required to respond by no later than May 8, 2024, or his case may be dismissed with prejudice. ECF No. 102. Yet Mr. Hawkins failed to respond at all. Mr. Hawkins has not filed any document, responded to any order, or appeared at any hearing since November 2023. *See* ECF No. 97. The court therefore concludes that dismissal is appropriate due to Mr. Hawkins' failure to comply with court orders and to prosecute his case.

Having concluded that dismissal is appropriate, the court must consider the *Ehrenhaus* factors to determine whether dismissal should be with or without prejudice. Dismissal with prejudice appears to be the appropriate course. The first factor—"the degree of actual prejudice to the defendant"—weighs in favor of dismissal with prejudice. *See, e.g., Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (recognizing that a plaintiff's failure to prosecute causes prejudice by depriving a defendant of the opportunity to conduct discovery and defend against the plaintiff's claims on their merits). The second and third *Ehrenhaus* factors, which discuss the "amount of interference with the judicial process" and the plaintiff's "culpability" also weigh in favor of dismissal with prejudice. As stated above, Mr. Hawkins' failure to attend hearings and his failure to respond to or comply with court orders has prevented this case from proceeding at all since February 2024, when the court ordered Mr. Hawkins to file his Second Amended Complaint within 30 days. Mr. Hawkins bears the culpability for this delay, which has already stalled the

judicial process for nearly six months. The court has explicitly warned Mr. Hawkins in advance that his case could be dismissed—with prejudice—for noncompliance with this court's orders. *See* ECF No. 102 ("The court ORDERS Plaintiff to show cause why this case should not be dismissed with prejudice for failure to prosecute and failure to comply with court orders. Plaintiff shall file a response to this order by no later than May 8, 2024. A failure to respond by that date may result in the dismissal of this case with prejudice."). The fourth *Ehrenhaus* factor thus weighs in favor of dismissal with prejudice. Finally, the court does not find that a lesser sanction, such as dismissal without prejudice, would satisfactorily remedy Mr. Hawkins' noncompliance. Mr. Hawkins not only failed to comply with the court's February 2024 order to file a Second Amended Complaint within 30 days; he also failed to appear at a court-scheduled status conference and failed to respond to an order to show cause why this case should not be dismissed. Mr. Hawkins' three strikes demonstrate to the court that a lesser sanction would not effectuate a change in Mr. Hawkins' noncompliance. The court therefore concludes that the *Ehrenhaus* factors weigh in favor of dismissal with prejudice.

## CONCLUSION AND ORDER

For the reasons stated herein, Defendants' Motion to Dismiss With Prejudice (ECF No. 104) is **GRANTED**.

Signed August 8, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge